UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARC PODEMS,

                Plaintiff,

    v.

THOMAS R. CANGEMI, JAMES J. CARPENTER, HANIF DAHYA, ALESSANDRO P. DINELLO, LESLIE D. DUNN, MARSHALL LUX, JOHN J. PINTO, LAWRENCE ROSANO, JR., RONALD A. ROSENFELD, LAWRENCE J. SAVARESE, PETER SCHOELS, DAVID L. TREADWELL, ROBERT WANN, AND JENNIFER R. WHIP,

                Defendants,

    -and-

NEW YORK COMMUNITY BANCORP, INC.,

                Nominal Defendant.

**ORDER ADOPTING REPORT AND RECOMMENDATION**

No. 24-CV-4226-NRM-JRC

------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

Now before the Court is a Report and Recommendation by Magistrate Judge James R. Cho dated March 3, 2025, recommending that the Court grant Plaintiff's motion to remand this shareholder derivative action to the Supreme Court of New York, Nassau County. R&R, ECF No. 49. The underlying lawsuit by Plaintiff Mark Podems, derivatively and on behalf of nominal defendant New York Community Bankcorp, Inc. ("NYCB"), asserts that fourteen former officers and directors of NYCB (collectively, the "Individual Defendants"), at various times between March 1, 2023

through February 5, 2024, made materially false and misleading statements and failed to disclose adverse material facts about NYCB's business, operations, and financial prospects. *See generally* Compl., ECF No. 1-1.

The action was originally filed on June 10, 2024, in the Supreme Court of Nassau County. *Id.* It asserts that the Individual Defendants engaged in breaches of fiduciary duty, unjust enrichment, waste of corporate assets, and aiding and abetting the breach of fiduciary duty, all in violation of Delaware state law. *Id.* at 81–86.[1] On June 13, 2024, NYCB removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal, ECF No. 1. Plaintiff then moved to remand the action to state court on July 15, 2024, *see* Pl. Mot. to Remand, ECF No. 17, and Judge Joan M. Azrack, who originally presided over this removed action, referred the motion to Magistrate Judge Arlene R. Lindsay for a Report and Recommendation ("R&R") on October 2, 2024, *see* Docket Order Dated 10/2/2024. On January 14, 2025, the case was reassigned to the undersigned and Magistrate Judge Cho. *See* Docket Order Dated 1/14/2025. On March 3, 2025, Judge Cho issued his R&R, recommending that Plaintiff's motion be granted and the case remanded to state court. R&R at 24.

As the parties recognize, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Following the issuance of a R&R, the parties are given an opportunity to file written objections to the R&R. *See* 28 U.S.C.

---

[1] Pincites refer to page numbers generated by CM/ECF, and not the document's internal pagination.

§ 636(b)(1). The district judge must evaluate *de novo* "any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.")

Here, Defendants filed timely objections to each and every portion of the R&R. *See* Def.'s Obj.'s, ECF No. 50. Plaintiff filed a brief in response to the objections on March 26, 2025, urging this Court to adopt the R&R in full. Pl. Response, ECF No. 52. Accordingly, the Court reviews Magistrate Judge Cho's findings and recommendations *de novo*.

Having reviewed the Complaint, the parties' memoranda on the original motion to remand, the R&R, and the parties' objections and reply thereto, and after conducting a *de novo* review of the parties' arguments and authorities, the Court agrees that Plaintiff's motion to remand should be granted.

Defendants argue that even though Plaintiff asserts only state law causes of action, his claims for relief are "affirmatively 'premised' on a violation of federal law" because "the banking law duties at the heart of Plaintiff's claims are indisputably federal." Def.'s Obj.'s at 13–14 (internal citations omitted). The Court disagrees. Defendants have failed to meet their burden of establishing that this action falls within that "'special and small' category of actual state claims that present significant, disputed issues of federal law" and permit the exercise of federal question jurisdiction. *NASDAQ OMX Grp. v. UBS Sec., LLC*, 770 F.3d 1010, 1019 (2d Cir. 2014) (quoting *Gunn v. Minton,* 568 U.S. 251, 258 (2013)); *see also Link Motion Inc.*

3

*v. DLA Piper LLP*, 103 F.4th 905, 911–12 (2d Cir 2024) (underscoring that "statutory procedures for removal are to be strictly construed," and that courts "must resolve any doubts against removability" (internal quotation marks omitted)).

For the reasons cogently detailed in the R&R, the Court finds that Defendants have failed to establish that any of the four applicable *Gunn* factors warrant removal of Plaintiff's action to federal court. *See Gunn,* 568 U.S. at 258 (directing district courts, in determining whether 28 U.S.C. § 1331 grants federal jurisdiction over state-law claims, to assess whether the federal issue(s) asserted by the party seeking removal are "(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress"). As Judge Cho recognized, at its heart, this action turns not on any actually disputed or otherwise substantial questions of federal law, but on "whether the Individual Defendants violated their state law fiduciary duties." R&R at 20. It is true that the Complaint alleges that Defendants violated their state-law obligations by, *inter alia,* failing to make complete and timely disclosures to shareholders about NYCB's preparedness to comply with heightened regulatory standards mandated by federal banking statutes and regulations, after NYCB's acquisition of certain assets resulted in its change of status to a "Category IV" institution. Compl. at 8–9; Def.'s Obj.'s at 10. But these and other factual assertions in the Complaint upon which Defendants rely to support removal simply do not give rise to the exceptional circumstances mandated by *Gunn* and its progeny that must be satisfied for the Court to find that Plaintiff's state-law claims actually "aris[e] under" federal law. 28 U.S.C. § 1331; *see Link Motion*, 103 F.4th at 913 (noting that

4

"[u]pon careful, case-specific consideration, most federal law questions raised in connection with state law claims will not be deemed substantial" (internal quotation marks omitted)).

The Court hereby adopts Judge Cho's well-reasoned R&R in full. In addition, because the Court agrees with Judge Cho that Defendants' arguments in opposition to the motion to remand do not satisfy the *Gunn* factors or otherwise warrant removal, the Court does not reach Plaintiff's alternative argument that Defendants' Notice of Removal was defective and did not include the specific bases for their claims that federal jurisdiction is appropriate that they relied upon in opposition to the motion to remand. *See* Pl. Response at 9–10.

## **CONCLUSION**

For the foregoing reasons, the Court adopts Judge Cho's Report and Recommendation dated March 3, 2025, in full. Plaintiff's motion to remand is granted. The case is remanded to the Supreme Court of the State of New York, County of Nassau, Case No. 610068/2024. The Clerk of Court is respectfully directed to send a certified copy of this Order to the Clerk of the Supreme Court of the State of New York, County of Nassau, and to close the case on this Court's docket.

SO ORDERED.

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: April 9, 2025
      Brooklyn, New York